NO. 8154

COURT OF APPEAL

PARISH OF ORLEANS.

----

SUCCESSION OF

MRS. MARIE BRAUGHN/

------

----

8154

Dinkelspiel; J.

This is a rule by an adjudicatee of property for the
return of rent collected by the former owners.

The facts are as follows:

Property was advertised for sale in this Succession un-
der the following terms and conditions fixed by the judgment of
Court:

"One third or more cash; balance, if any, in equal in-
stallments at one or two years, or at one, two and three years,
all at purchasers option; the credit portion, if any, to be rep-
resented by notes of the purchaser, bearing interest payable an-
nually at the rate of seven per cent per annum from date of ad-
judication until final payment; said notes to be secured by ven-
dor's lien and privilege and special mortgage on the property sold,
and the acts of sale to contain all the usual security clauses;
the purchasers to pay over and above the amount of adjudication
the taxes of 1930 and the costs of sale, including revenue stamps
and certificates; purchasers to be entitled to rents only from the
final signing of the acts of sale."

The auction sale took place on August 5th, 1930; Mrs.
Esther Gordon became the adjudicatee of a certain property; on
November 22nd, 1930, she filed the following rule:

"On motion of A. D. Danziger, Attorney for Mrs. Esther
Gordon, and on suggesting to the Court, that at the public sale
herein made on August 5th, 1930 mover became the adjudicatee of
the property at the corner of Dryades and Clio Streets; that on
August 26th, 1930; mover's counsel reported to the representatives
of this Succession the approval of the title subject to certain
requirements; that it took the representatives of the within suc-
cession until November 15th, 1930 to comply with the requirements
and to tender an act of sale to your mover, and that mover prompt-
ly passed the act of sale on that date; on further showing to the
Court that under the terms of sale, the deferred portion of the
purchase price was to bear interest from the date of adjudication

and the purchaser was only to be entitled to the rents thereof from the date of passing the act of sale, and that the said act of sale was passed without prejudice to the rights of any of the parties hereto with reference to the controversy presented by this rule; that mover has made application for either a refund of the interest from August 36th, 1920, to November 15th, 1920, or for the rents derived from said property during that period for the reason that the said mover had announced her willingness since August 26th to pass the act of sale and that the delay in perfecting the title of the vendors should not be charged to mover in rule who should not be made to pay therefor, It is ordered by the Court that Mrs. Marguerite B. Clapp, Administratrix of said Succession do show cause on Friday, November 26th, 1920, at eleven o'clock A. M. why interest on the said deferred payment amounting to $16,666.65, should not be refunded to mover from August 26th, 1920 to November 15th, 1920, or in the alternative, why the rents derived from the said property during that period should not be paid to mover in rule."

To this rule the following return was made:

"And now into this Honorable Court through undersigned counsel comes Mrs. M. B. Clapp, and the other heirs of the deceased as shown by proceedings herein and excepts to the rule of Mrs. Esther Gordon on the following grounds:

"That Mrs. Esther Gordon was not an adjudicatee of any of this property herein sold to effect a partition, but subsequently became the transferee of one of the adjudicatees, and this transfer was not made until November 25th, when the act of sale was signed and it was not until that moment that Mrs. Gordon was in a position to take title to the property;

And appearers further except on the ground that said rule discloses no cause of action;

And with full reservation of said exceptions for answer thereto say:

That under the terms of the judgment of partition, the advertisement of sale, and the adjudications as shown by the proces verbal of sale herein on file, all notes given by the purchasers bore interest from the date of the adjudications, and the purchasers were not entitled to rents until the passing of the acts of sale, and these two requirements were part of the consideration of the purchase and the Court is without power to change the judgment or terms of sale, even if plaintiff in rule is in a position to make such claim which is denied as set forth in exception No.1 herein;

"That at no time previous to the passing of the sale did plaintiff in rule announce that she was the adjudicatee or that she was ready to take the property, and these appearers and the auctioneer who signed the act of sale never heard of her until the time came to pass the act of sale.

Wherefore said respondents pray that said rule may be discharged with costs, and for general relief."

This rule came on for trial on January 14th, 1921, when the following proceedings took place:

Mr. Danziger: I offer in evidence a letter written by Mr. Hart, addressed to me, of date November 13th, 1930.

Mr. Hart: I object on the ground that the rule discloses no cause of action, and no evidence is admissible.

The Court: (after argument by counsel) The objection is sustained on the ground that the pleadings set forth no cause of action.

Mr. Danziger: To which ruling of the Court, counsel for plaintiff in rule excepts, and reserves this note in lieu of a formal bill of exceptions, requesting permission of the Court to attach to said bill the letter in question. I would also ask your honor to hear me in connection with my bill of exceptions, as to the circumstances under which this act was passed.

195

The Court: I will permit you to reserve your bill of exceptions and will permit you to attach to it the document in question as a part thereof, but I will not hear any testimony."

Thereupon the following judgment was rendered:

"When after hearing pleadings, and arguments of counsel on exceptions to said rule filed by defendants on November 30th, 1920, and the Court, for reasons orally assigned, being of the opinion that said exceptions to said rule is well founded, It is ordered that said exceptions be maintained and said rule dismissed at mover's costs."

After an ineffectual application for a new trial, the plaintiff Mrs. Gordon, has taken this appeal.

The plaintiff in rule bases her right to relief upon the following Article of the Civil Code:

Art. 2610 (2587) If the object adjudged is an immovable for which the law requires that the act of sale shall be passed in writing, the purchaser may retain the price, and the seller the possession of the thing, until the act be passed. This act ought to be passed within twenty four hours after the adjudication, if one of the parties require it; he who occassions a further delay is responsible to the other for in damages."

We are of the opinion that the plaintiff's rule did disclose a cause of action, under the Article quoted. If the sale took place on August 5th, and the act was passed on November 15th 1920, a period exceeding three months, it is evident that the purchaser suffered a damage represented by the rent due for that period, provided that the delay was caused by the fault of the Succession representatives, and that it could have been avoided by reasonable diligence on their part, and was not caused by the ordinary and necessary certificates, documents and proofs preceeding acts of sale, nor by the requirements of the purchaser. For that purpose evidence should have been heard to show that

the vendors were not at fault or that the purchaser was at fault, or, in the language of the Article, to establish who it was who occassioned the further and avoidable delay in order to make him bear the damages caused by the delay. When the condition of sale provides that the purchaser shall be entitled to rents only from and after the signing of the act of sale, the conditions means that the purchaser shall not be entitled to rents during the ordinary delays necessary and incidental to the passage and signing of the act of sale; the Courts cannot be asked to interpret such a claim as meaning that the vendors have the right at their pleasure to procrastinate unnecessarily the passing of the act, and to appropriate the rents, to the injury of the purchaser.

It is therefore ordered, that the judgment herein be reversed and set aside, that the exceptions of no cause of action be dismissed, and that this rule be reinstated to be tried and determined upon any other issues and in accordance with the views hereinabove expressed, the costs of this appeal to be paid by the heirs of Mrs. Braughn and the costs of the District Court to await the final judgment herein.

-Exception overruled and case remanded.-